PER CURIAM.
| j Denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now'fully litigated at least two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been, fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral Preview. The District Court is ordered to record a minute entry consistent with this per curiam,
-k
APPENDIX
TWENTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA
NO. 06-5073
DIVISION “J”
*728 STATE OF LOUISIANA VERSUS CLARENCE NOBLE
FILED: April 2, 2015

M

DEPUTY CLERK

ORDER

This matter comes before the court on the petitioner’s MOTION TO WITHDRAW GUILTY PLEA, STAMPED AS FILED MARCH 23, 2015.
The petitioner entitles this pleading a “Motion to Withdraw Guilty Plea.” With the assistance of counsel, he entered his plea of guilty in this case on November 15, 2006. The defendant has a large number of other convictions and his sentence was specifically ordered to run concurrently with those.
Insofar as he challenges his guilty plea, the record establishes an informed and voluntary plea, made with the assistance of counsel. However, the court does not deny relief solely on the merits because the motion is procedurally barred.
Regardless of the caption of his pleading, the defendant seeks post-conviction relief. An application for post-conviction relief is defined as “a petition filed by a person in custody after sentence following conviction for the commission of an offense Seeking to have the conviction and sentence set aside.” LSA-C.Cr.P. art. 924.
Post-conviction relief applications are subject to strict procedural requirements. No application for post-conviction relief may be considered if it is filed more than two years (formerly three years) after the judgment of conviction and sentence has become final (unless one of four very restricted exceptions apply). LSA-C.Cr.P. art. 930.8(A). The petitioner has shown no reason for the court to consider his claims, made well after the time limitation has expired.
The instant application is time-barred and as well as unwarranted on the merits. For these reasons, the court will not consider it.
Accordingly,
IT IS ORDERED BY THE COURT that the petitioner’s motion be and is hereby DENIED.
Gretna, Louisiana this 2nd day of April, 2015.
/s/
/s/ JUDGE